IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| GERALD STONE and BARBARA HILDENBRAND, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 4:13-CV-332-A |
| MEGAN J. FAHEY, in her individual capacity, and MATTIE PETERSON COMPTON, in her individual capacity, | § § § § § | |
| Defendants. | § § | |

## O R D E R

Now before the court is the motion to dismiss the complaint of plaintiffs, Gerald Stone ("Stone") and Barbara Hildenbrand ("Hildenbrand"), pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, filed by defendants, Megan J. Fahey ("Fahey") and Mattie Peterson Compton ("Compton"), both of whom are Assistant United States Attorneys ("AUSA"s) and are being sued in their individual capacities. Having considered the motion and accompanying documents, plaintiffs' response, and applicable legal authorities, the court concludes that the motion should be granted, and all claims and causes of action asserted by plaintiffs against defendants should be dismissed.

I.

Background

Plaintiffs were criminally prosecuted in the Dallas Division of this court in Case No. 3:04-CR-318-N, and both entered pleas of guilty in that criminal action. Stone pleaded guilty to (1) conspiracy to commit theft from an organization, to defraud the Department of Housing and Urban Development ("HUD"), and to commit money laundering, and (2) attempt to evade or defeat tax. Hildenbrand pleaded guilty to two counts of defrauding HUD and aiding and abetting. Each was sentenced to 24 months imprisonment, followed by supervised release, and they were ordered to pay restitution in the amount of $672,221, jointly and severally.

Plaintiffs appealed their convictions and sentences, which were affirmed by the Fifth Circuit. United States v. Hildenbrand, 527 F.3d 466 (5th Cir. 2008). "Since that time, Stone and Hildenbrand have engaged in a veritable blizzard of pleadings, motions, and actions attempting to collaterally attack the underlying judgments of conviction, all of which have failed." United States v. Stone, No. 3:11-CV-2395-N, at 2 (N.D. Tex. Aug. 23, 2012). Plaintiffs have repeatedly filed motions arguing that their sentences are illegal, that there was no evidence to support the amount of restitution they were ordered to pay, that evidence has been withheld by the government, that their

restitution order should be voided, and many other similar arguments; this court and the Fifth Circuit have rejected all such arguments.[1]

On June 1, 2010, in response to Hildenbrand's request for a certificate of appealability ("COA") to appeal the district court's denial of her § 2255 motion, the Fifth Circuit denied the COA and noted that plaintiff had already attempted to relitigate the same issue "on numerous occasions despite it having been decided adversely to her on direct appeal." United States v. Hildenbrand, No. 09-11091 (5th Cir. June 1, 2010). The court went on to caution Hildenbrand that "any future frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on the ability to file pleadings in this court or any other court subject to this court's jurisdiction." Id.

---

[1] The docket sheet for plaintiffs' criminal action contains 263 entries, and various motions filed by Hildenbrand and Stone between October 24, 2006 and June 20, 2013 seeking relief: a motion to dismiss due to insufficient factual basis for plea prosecution (Doc. 97), motion to reduce sentence (Doc. 141), motion to stay collection of restitution (Doc. 160), motions to be re-sentenced (Docs. 174, 184), motion to dismiss certain counts (Doc. 185), motion to "grant defendants' requests for relief," (Doc. 186), motions pursuant to 28 U.S.C. § 2255 (Docs. 205, 211), motion for relief from judgment and to stay execution of forfeiture (Doc. 210), motion for summary judgment (Doc. 212), motions to set aside conviction/for relief from judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure (Docs. 214, 219, 225-27, 256), motion to vacate restitution (Doc. 216), motion for ruling on motion to dismiss (Doc. 220), motion for stay of execution of final order of forfeiture pending appeal (Doc. 234), motion to enforce plea agreement (Doc. 237), motion for relief under 18 U.S.C. § 3771 (Doc. 242), motion to void judgment (Doc. 253), motions to declare judgment void (Docs. 258-59), motion to dismiss forfeiture (Doc. 263). In each motion that the district court denied and that plaintiffs appealed, the Fifth Circuit has affirmed.

II.

## Plaintiffs' Claims and Grounds of Defendants' Motion

After repeated adverse rulings, plaintiffs have now filed suit against two AUSAs who are tasked with enforcing the restitution order. Plaintiffs repeat the arguments they have made in the other cases, contending that their sentences are illegal and that there is no factual basis for the restitution amount, only this time they frame their argument as if Fahey and Compton are at fault for enforcing the court's valid restitution order. They claim that Fahey and Compton knew the restitution was improper; knew plaintiffs "were sentenced above the statutory maximum, creating an illegal sentence" but continued to collect the restitution; and "have failed to inform the courts that the restitution order is an illegal sentence." Compl. at 2-3.

Defendants argue that this action should be dismissed because (1) plaintiff's claims constitute an impermissible collateral attack on their convictions and sentences, and, therefore, the action is barred by Heck v. Humphrey, 512 U.S. 477 (1994); and (2) defendants are entitled to absolute immunity or qualified immunity because all defendants' relevant actions were taken while acting on behalf of the United States to enforce plaintiffs' restitution obligations.

4

III.

Analysis

A. <u>Plaintiffs' Claims Are an Impermissible Collateral Attack</u>

Plaintiffs allege that defendants' attempts to enforce the restitution order violated their due process rights because defendants are enforcing an "illegal sentence." Compl. at 3. However, plaintiffs' claims are clearly barred under <u>Heck</u>:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Heck</u>, 512 U.S. at 486-87.[2] Plaintiffs are seeking damages from defendant based on their argument that their sentences imposing restitution are illegal and that defendants are wrongly enforcing the sentence. Among the relief sought by plaintiff are orders holding defendants "personally responsible for the return of all

---

[2] <u>Heck</u> also applies to federal convictions and actions against federal officials, and applies whether a plaintiff is presently incarcerated or not. <u>Randell v. Johnson</u>, 227 F.3d 300, 301 (5th Cir. 2000); <u>Stephenson v. Reno</u>, 28 F.3d 26, 27 (5th Cir. 1994).

money seized in the collection of the illegal sentence," releasing the liens on plaintiffs' property, requiring defendants "to inform the Sentencing Court that there is no evidence to support the restitution order, that the restitution order is illegal and above the statutory maximum . . . and that the victim HUD claims no loss." Compl. at 5. It is patently obvious that they are seeking relief that would necessarily imply the invalidity of their convictions or sentences, and that their convictions and sentences have not been overturned on appeal or collateral review, but have been affirmed in all instances, as reflected in the records of their criminal proceedings and their motions under § 2255.

B.  Prosecutorial Immunity

Plaintiffs claims are also barred because defendants, as AUSAs acting on behalf of the United States in enforcing a judgment, enjoy absolute prosecutorial immunity. It is well-established that a prosecutor generally enjoys absolute immunity from suit when she acts within the scope of her prosecutorial duties and as an officer of the court. Imbler v. Pachtman, 424 U.S. 409 (1976). Such immunity also extends to enforcement of orders resulting from criminal proceedings, such as restitution orders. See Bazemore v. Junker, No. 3:10-CV-720-B, 2010 WL 2404311, at *2 (N.D. Tex. May 3, 2010) (AUSAs had absolute immunity when enforcing criminal judgment by seizing defendant's

6

property), adopted, 2010 WL 2408308 (N.D. Tex. June 15, 2010). Plaintiffs have not alleged that defendants have acted outside the scope of their duties as AUSAs, and have not alleged any genuine misconduct by defendants, and have not alleged that defendants have violated any clearly established law. They have alleged only that defendants' continue to enforce a restitution order that plaintiffs claim is "illegal," but that courts have consistently upheld as valid. Such allegations against defendants constitute nothing more than another attempt by plaintiffs to make the same frivolous arguments regarding their sentences, avoid their restitution obligations, and find another party to blame for their discontent. Thus, the court determines that defendants are entitled to immunity on all of plaintiffs' claims.

IV.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted in the above-captioned action by plaintiffs against defendants, be, and are hereby, dismissed with prejudice.

SIGNED July 3, 2013.

JOHN McBRYDE
United States District Judge

7